CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2017 NOV 16 AM 9: 13

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| PAPA HULUWAZU, formerly known as, Craig Anthony Dillard, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:17-CV-0077-BL |
| SECRETARY OF THE AIR FORCE, et al., | ) ) ) ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This action has been referred pursuant to 28 U.S.C. § 636(b) and Second Amended Special Order No. 3-301. The Court has granted Plaintiff permission to proceed in forma pauperis. After reviewing the complaint and applicable law and because Plaintiff has not consented to have all further proceedings in this case conducted by a magistrate judge, the undersigned issues this report and recommendation; recommends that the Court dismiss this action pursuant to Fed. R. Civ. P. 12(h)(3) and/or 28 U.S.C. § 1915(e)(2)(B); and directs the Clerk of Court to reassign this case to Senior District Judge Sam R. Cummings.

### I. BACKGROUND

Plaintiff, a citizen of Nevada and a disabled veteran of the United States Air Force, commenced this action by filing a civil complaint in this Court on May 22, 2017. *See* Compl. (doc. 1) ¶¶ 1, 7.[1] He lists the Secretary of the Air Force and numerous unnamed individuals and entities as defendants and asserts jurisdiction under unspecified "federal law." *Id.* ¶¶ 2-4. He seeks judgment

---

[1] For unknown reasons, Plaintiff labels the filing as "Amended Civil Complaint." Because the filing does not amend any prior complaint filed in this action, the filing will be referred to as a complaint.

for a refusal to accept and review his "claim for protections under obstruction of justice and defiance of an article 15 special court martial, failure to comply with due process." *Id.* ¶ 8. His complaint mostly concerns matters that occurred in 1980 and 1981. *See id.* ¶¶ 12-18, ¶¶ 28-42 (double jeopardy claim); 50-62 (due process claim). But he also states that "[a]fter 33 years of red tape and delays the Veterans Administration Secretary Shinseki (2014) stated [that] 'It is not a claim until I say it is. It does not matter if a claim is filed or not' 'they did not have jurisdiction over this matter.'" *Id.* ¶ 19. While focused on events from the early 1980s, the complaint also concerns the appellate process through the Board of Veterans Appeals. *See id.* ¶¶ 24-27.

Plaintiff asserts claims for double jeopardy (¶¶ 28-48) and due process (¶¶ 49-73). He requests trial by jury and seeks compensatory damages. *Id.* at 12. He states that he filed an action in the District of Nevada, but it was dismissed for lack of jurisdiction. *Id.* ¶ 21. He explains that that suit not only concerned the Veterans Administration but also issues related to events that occurred within a month of his separation from the Air Force. *Id.* ¶ 23.

## II. PRELIMINARY SCREENING

The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which

2

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

The federal courts, furthermore, "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *accord Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). They raise jurisdictional issues at any time. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Whenever a court determines that it lacks jurisdiction over the subject matter, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal

3

forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The courts, furthermore, rely on Fed. R. Civ. P. 8(a)(1) to aid their jurisdictional determinations. That rule requires "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

Plaintiff merely asserts that he invokes the jurisdiction of this Court "pursuant to federal law." Compl. ¶ 4. His complaint invites consideration of the action filed in the District of Nevada. The court in that case dismissed the action for lack of jurisdiction. *See Huluwazu v. Air Force*, No. 2:15-CV-01295-MMD-PAL, 2016 WL 7013515, at *3 (D. Nev. Mar. 10, 2016) (recommendation of Mag. J.), *accepted and adopted by* 2016 WL 6997006 (D. Nev. Nov. 29, 2016). In that case, Plaintiff invoked the All Writs Act, 28 U.S.C. § 1651, as a basis for jurisdiction. *Id.* at 2-3. That difference, however, does not dictate a different result in this case.

After finding no jurisdiction under that Act, the District of Nevada found that it lacked jurisdiction based on various statutes that set procedures for handling veterans claims, including appeals to the Court of Appeals for Veterans Claims and to the Federal Circuit. Given the apparent similarities between that case and this one, it is worth quoting that discussion in full:

> With few exceptions, none of which are applicable here, the Secretary of the VA has the sole authority to decide all questions of law and fact necessary to make a benefits decision for a veteran. *See* 38 U.S.C. § 511 (stating, "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise"). If the local VA office denies a claim, a claimant may appeal the decision to the Board of Veterans' Appeals (the "Board"). *See* 38 U.S.C. § 7101; *see also* 38 C.F.R. § 20.101. The Board has jurisdiction to review benefit claims determinations made by local VA offices and issue decisions on appeals. *See* 38 U.S.C. § 7104. If the Board denies the claim, a claimant has the option of doing one of the following:
>
> 1. Reopen the claim with the local VA office if new and material

> evidence can be presented with respect to the claim that was denied. 38 U.S.C. § 5108.
>
> 2. File a motion for reconsideration asking the Board to review the case again because there was a clear and unmistakable error in the decision. 38 U.S.C. § 7103.
>
> 3. File an appeal with the United States Court of Appeals for Veterans Claims. 38 U.S.C. § 7252.
>
> The Court of Appeals for Veterans Claims has "exclusive jurisdiction to review decisions of the Board." 38 U.S.C. § 7252 (authorizing the "power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate"). Finally, the United States Court of Appeals for the Federal Circuit has limited jurisdiction in reviewing decisions of the Court of Veterans Appeals. *See* 38 U.S.C. § 7292. The Federal Circuit's authority only allows review for decisions "on a rule of a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)". *Id. See also Routen v. West*, 142 F.3d 1434, 1437 (Fed. Cir. 1998).
>
> Title 38 of the United States Code sets forth the exclusive procedural mechanisms by which Plaintiff may challenge the VA's decision regarding his disability benefits. Because Title 38 specifically addresses claims for veterans benefits, the All Writs Act does not apply. This Court lacks jurisdiction over Plaintiff's claim.

*Id.*

Having reviewed the foregoing analysis and Plaintiff's complaint filed in this Court, it appears that Plaintiff is raising the same or similar matters that failed to establish jurisdiction in Nevada. This Court does not act as an appellate court to review decisions of another federal district court. Furthermore, based upon the Nevada case, it appears that jurisdiction is lacking in this case. Filing the present action in this Court has done nothing to alleviate the jurisdictional concerns that led to the dismissal of the Nevada case. Additionally, while the Nevada court did not specifically address whether a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971),[2] would provide a proper jurisdictional basis, "[c]ourts have consistently held that 'the administrative remedial procedures in Title 38 and its associated VA regulations preclude <u>Bivens</u> causes of action,'" *Eleraky v. McDonald*, No. 3:15-CV-509-TSL-RHW, 2016 WL 716906, at *4 (S.D. Miss. Feb. 19, 2016) (quoting *Lerner v. Shinseki*, No. 3:12-CV-00565-TBR, 2013 WL 1758752, at *6 (W.D. Ky. Apr. 24, 2013) and citing other cases); *accord Swisher v. Collins*, No. CV-06-338-S-BLW, 2008 WL 687305, at *12-13 (D. Idaho Mar. 10, 2008) (accepting and adopting recommendation of Mag. J. that addressed claims brought by a former serviceman). For these reasons, the Court should dismiss this action for lack of jurisdiction unless -- within the fourteen-day period for objections to this recommendation -- Plaintiff shows a proper basis for jurisdiction.

## IV. STATUTE OF LIMITATIONS

If the Court concludes that Title 38 does not preclude Plaintiff from pursuing *Bivens* claims, it should address whether they survive summary dismissal under 28 U.S.C. § 1915(e)(2)(B). Even when a plaintiff may pursue a *Bivens* claim against individual officers for a constitutional violation, the plaintiff must file such claims within the applicable statute of limitations. For federal courts in Texas, the limitations period for a *Bivens* claim is two years. *Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010). Accordingly, Plaintiff had two years from the date his constitutional claims accrued to file suit. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

When "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted

---

[2]In *Bivens*, the Supreme Court recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. at 397. "*Bivens* is the federal counterpart" to 42 U.S.C. § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983." *Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993); *accord Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). Courts "may raise the defense of limitations sua sponte." *Stanley*, 464 F.3d at 568 (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

Plaintiff complains about alleged violations of due process and double jeopardy that occurred in 1980 and 1981. Even if a claim may have accrued when Veterans Administration Secretary Shinseki made his alleged statement in 2014, such claim accrued more than two years before Plaintiff filed this action in May 2017. From the face of the complaint, any *Bivens* claim is untimely and should be dismissed unless -- within the fourteen-day period for objections to this recommendation -- Plaintiff persuades the Court that he has stated a timely *Bivens* claim that falls within this Court's jurisdiction.

## V. LEAVE TO AMEND

In general, courts should provide pro se litigants an opportunity to amend before dismissing a complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Leave to amend is not required, however, when plaintiffs have already pled their "best case." *Id.* Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). In this instance, unless Plaintiff overcomes the jurisdictional and statute-of-limitations hurdles, he has pled his best case. Accordingly, the Court should find no basis to permit an amendment.

## VI. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(h)(3) unless, within the time period

for objecting to this recommendation, Plaintiff demonstrates how this Court has jurisdiction. Alternatively, if the Court concludes that it has jurisdiction over *Bivens* claims asserted by Plaintiff, the Court should dismiss all other claims for lack of jurisdiction and, unless Plaintiff provides a persuasive basis for finding a *Bivens* claim timely, dismiss any such claim as untimely pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of the recommended dismissal, the undersigned directs the Clerk of Court to reassign this case to Senior District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 16th day of November, 2017.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE